United States District Court
Southern District of Texas
**ENTERED**
July 20, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES CORP. MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2017-SB-36, <br><br> Plaintiff. <br><br> VS. <br><br> ZACK FUELLING AND EARL FUELLING, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 3:20-cv-00377 |

## ORDER AND OPINION

Pending before me are two motions to dismiss. One is filed by Third-Party Defendants W. Joel Bryant, Barbara Cox as executor of the Estate of Ray L. Cox, Jr., and Ray L. Cox, Jr. P.C. A Professional Corporation d/b/a/ The Cox Law Firm (collectively, the "Cox Defendants"). *See* Dkt. 96. The other is filed by Third-Party Defendants The Lane Law Firm, P.L.L.C., Robert C. Lane, and Joshua D. Gordon (collectively, the "Lane Defendants"). *See* Dkt. 97.

In this lawsuit, Plaintiff U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp. Multifamily Mortgage Pass-Through Certificates, Series 2017-SB-36 ("U.S. Bank"), has sued brothers Zack Fuelling and Earl Fuelling, claiming that the duo is responsible as guarantors of a promissory note that is delinquent. Zack Fuelling has, in turn, filed a third-party complaint against the Cox Defendants and the Lane Defendants (collectively, the "Third-Party Defendants"). *See* Dkt. 60. According to

the Third-Party Complaint, Zack Fuelling hired the Third-Party Defendants to provide legal services concerning the underlying loan agreement and potential foreclosure of the real property securing said loan agreement. Fuelling asserts that these lawyers' recommendation that he file for bankruptcy protection on behalf of Property Capital Solutions, LLC ("PCS")—the entity that executed the underlying promissory note—constituted professional negligence. By following his lawyers' advice and filing for bankruptcy, Zack Fuelling complains that his lawyers exposed him to a legal claim by U.S. Bank that the loan at issue converted from a non-recourse loan to a recourse loan, potentially making him personally liable for the outstanding loan amounts.

The Third-Party Defendants have moved to dismiss Zach Fuelling's third-party complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In considering the motions to dismiss filed by the Third-Party Defendants, I am mindful that the Fifth Circuit has held that a motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law and rarely granted. *See Thompson v. Goetzmann*, 337 F.3d 489, 494–95 (5th Cir. 2003). I am also required at this stage of the proceedings to accept Zack Fuelling's well-pleaded facts as true and view them in the light most favorable to him. *See Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022).

The Third-Party Defendants argue that the unlawful acts rule bars Zack Fuelling's professional negligence claim. Under the unlawful acts rule, a plaintiff cannot recover for his claimed injury if he was engaged in an illegal act at the time of his claimed injury. *See Sharpe v. Turley*, 191 S.W.3d 362, 366 (Tex. App.—Dallas 2006, pet. denied). "Courts have interpreted this defense to mean that if the illegal act is inextricably intertwined with the claim and the alleged damages would not have occurred but for the illegal act, the plaintiff is not entitled to recover as a matter of law." *Id.* The Third-Party Defendants maintain that Zack Fuelling participated in an unlawful act because he filed for bankruptcy protection on behalf of PCS without possessing the legal authority to do so. By authorizing the filing of

the bankruptcy petition, the Third-Party Defendants insist, Zack Fuelling is precluded as a matter of law from obtaining relief on his professional negligence claim. The Third-Party Defendants are quick to point out that Zack Fuelling has expressly admitted in filings made in this case that "the bankruptcy filing was made absent authority on behalf of" PCS, and "was entirely improper." Dkt. 37 at 1.

In opposing dismissal of his third-party claims, Zack Fuelling argues that there are several reasons why the unlawful acts rule is inapplicable at the early pleading stage of this case. First, Zack Fuelling avers that the unlawful acts rule is designed to prohibit a plaintiff from pursuing a legal malpractice claim when the plaintiff has committed a criminal act. Because nothing he did reaches the level of criminal conduct, Zack Fuelling argues that he should be permitted to pursue his professional negligence claims against the Third-Party Defendants. Second, Zack Fuelling asserts that this case is unique from a factual standpoint because the Third-Party Defendants were fully aware of his authority (or lack thereof) to bring bankruptcy proceedings on behalf of PCS but nonetheless strongly encouraged him to proceed with the bankruptcy filing.

I must admit that this is a close call. On the one hand, Zack Fuelling has judicially admitted that the bankruptcy filing was "entirely improper." *Id. See Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) ("A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them."). At the same time, I am hesitant to decide now, based solely on a few statements in the pleadings and no developed factual record, that Zack Fuelling engaged in an illegal act, negating, as a matter of law, his ability to pursue the Third-Party Defendants for professional negligence. My reluctance to dismiss the Third-Party Defendants is buttressed by the fact that my research has failed to find a single case in which a claim has been dismissed under the unlawful acts doctrine on a Rule 12(b)(6) motion to dismiss. The elements of a legal malpractice claim are: (1) a duty, (2) a breach of duty, (3) the breach proximately caused the injury, and (4) resulting damages. *See Cosgrove*

*v. Grimes,* 774 S.W.2d 662, 665 (Tex. 1989). Resolving any doubts regarding the sufficiency of Zack Fuelling's claims in his favor, as required by the Rule 12(b)(6) standard, I conclude that he has stated a claim against the Third-Party Defendants on which relief can be granted.[1] Instead of dismissing the claims against the Third-Party Defendants at the present time, I think the wiser course is to allow discovery to proceed and then consider at summary judgment the applicability of the unlawful acts rule on Zack Fuelling's professional negligence claims. That way, the parties will have an opportunity to fully explore the contours of the unlawful acts rule and address whether the bankruptcy filing Zack Fuelling made on behalf of PCS should be considered an illegal act for purposes of the unlawful acts rule.

## CONCLUSION

For the reasons stated above, the motions to dismiss filed by the Third-Party Defendants (Dkts. 96 and 97) are **DENIED**.

SIGNED this 20th day of July 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] As a side note, the Third-Party Defendants object to an affidavit and exhibit attached to Zack Fuelling's Response to Third-Party Defendants' Motions to Dismiss. In ruling on a 12(b)(6) motion, I may only "rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott v. Sebelius,* 635 F.3d 757, 763 (5th Cir. 2011) (cleaned up). Because the two documents submitted by Zack Fuelling do not fall within the limited categories of documents I can review on a 12(b)(6) motion, I strike these exhibits.