United States District Court
Southern District of Texas
**ENTERED**
October 06, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES CORP. MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2017-SB-36, §§§§§§§§§§ Plaintiff. § VS. §§§ ZACK FUELLING, *et al.*, §§ Defendants. § | CIVIL ACTION NO. 3:20-cv-00377 |

## OPINION AND ORDER

Pending before me is Third-Party Plaintiff Zack Fuelling's Motion for Jury Trial ("Motion for Jury Trial"). *See* Dkt. 106. For the reasons discussed below, the motion is **GRANTED**.

Plaintiff U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp. Multifamily Pass-Through Certificates, Series 2017-SB-36 ("U.S. Bank"), has sued brothers Zack Fuelling and Earl Fuelling, claiming the duo is responsible as guarantors of a promissory note that is delinquent. Zack Fuelling has, in turn, filed a Third-Party Complaint against Barbara Cox, as executor of the Estate of Ray L. Cox, Jr. and Ray L. Cox, Jr. P.C. A Professional Corporation d/b/a/ The Cox Law Firm, and W. Joel Bryant (collectively, the "Cox Defendants"); and The Lane Law Firm, P.L.L.C., Robert C. Lane, and Joshua D. Gordon (collectively, the "Lane Defendants"). The Cox Defendants and the Lane Defendants are, collectively, referred to as "Third-Party Defendants." In short, Zack Fuelling alleges that he hired the Third-Party

Defendants to provide legal advice and they committed professional negligence, exposing him to personal liability for the outstanding loan amount.

Although Zack Fuelling filed his Third-Party Complaint on December 30, 2021, he did not request a jury trial at that time. In fact, he did not ask for a jury trial in this matter until he filed the instant motion almost seven months later, on July 29, 2022. On several occasions between December 30, 2021 and July 29, 2022, Zack Fuelling's counsel, along with all other counsel in this case, signed motions requesting a docket control order be entered, specifying that a bench trial be held.[1]

The Seventh Amendment to the United States Constitution expressly provides for the right to a jury trial. That Amendment provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. CONST. amend. VII. "Suits at common law" refers to those actions, as here, "in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were

---

[1] Interestingly, the Cox Defendants admit that W. Joel Bryant ("Bryant"), one of the Cox Defendants, initially filed a jury demand on January 28, 2022 as part of his answer to the Third-Party Complaint. *See* Dkt. 110 at 2. They argue Bryant subsequently waived a jury trial when he asked me to enter a docket control order requesting a bench trial. *See id.* at 2–3. Although neither party raises the issue, I note that Federal Rule of Civil Procedure 38(d) provides that a "proper demand [for trial by jury] may be withdrawn only if the parties consent." This rule ensures that one party may rely on another party's jury demand. *See Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 116 (5th Cir. 1987) ("[A] proper demand for a jury cannot be withdrawn without the consent of all the parties."). Because the right to a jury trial is a fundamental right, a district court should "indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937). A waiver should not be found in a "doubtful situation." *Bowles v. Bennett*, 629 F.2d 1092, 1095 (5th Cir. 1980) (quotation omitted). I have serious reservations about whether Zack Fuelling waived his right to rely on Bryant's jury demand by simply agreeing to a docket control order that included a reference to a bench trial. At the end of the day, however, I need not tackle the waiver issue since I ultimately conclude that a jury trial is independently warranted, notwithstanding Zack Fuelling's tardiness in requesting a jury trial.

administered." *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433, 447 (1830). As the United States Supreme Court stated 80 years ago:

> The right of jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment. A right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, should be jealously guarded by the courts.

*Jacob v. City of New York*, 315 U.S. 752, 752–53 (1942).

To request a jury trial, a party is required to serve a written demand on all parties "no later than 14 days after the last pleading directed to the issue is served." FED. R. CIV. P. 38(b)(1). In plain English, the "last pleading directed to the issue" typically "means an answer or a reply to a counterclaim." *In re Tex. Gen. Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995). Here, there is no question that Zack Fuelling's jury demand, made for the first time in July 2022, is tardy.

But that does not end the analysis. Rule 39(b) provides that when "a jury trial is not properly demanded . . . the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b). The decision to grant an untimely request for a jury trial is left to the district court's sound discretion. *See Fredieu v. Rowan Cos.*, 738 F.2d 651, 653–54 (5th Cir. 1984). According to the Fifth Circuit, a district court generally "should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964)). Put another way, "[a] motion for trial by jury submitted under Rule 39(b) should be favorably received unless there are persuasive reasons to deny it." *Lewis v. Thigpen*, 767 F.2d 252, 257 (5th Cir. 1985) (quoting *United States v. Unum, Inc.*, 658 F.2d 300, 303 (5th Cir. 1981)). "The trial court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that

applications of this kind are usually to be denied." *Lewis*, 767 F.2d at 257 (quotation omitted).

In determining whether to allow a jury trial, the Fifth Circuit has instructed district courts to consider five factors:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp.*, 916 F.2d at 1064 (quotation omitted). "This isn't a simple tally of the factors with grant or denial depending upon the count." *Solugen Inc. v. M3 Chem. Grp. LLC*, 529 F. Supp. 3d 685, 691 (S.D. Tex. 2021) (quotation omitted). Instead, district courts are required to consider "all the factors holistically, keeping firmly in mind the Seventh Amendment fundamental right of trial by jury." *Bell v. Gen. Am. Life Ins. Co.*, No. 3:13-CV-1846-D, 2014 WL 815382, at *2 (N.D. Tex. Mar. 3, 2014). I now turn to address, one by one, these five factors.

**Whether the Case Involves Issues Best Tried to a Jury (Factor 1)**: The Third-Party Complaint involves claims of professional negligence. As the Cox Defendants acknowledge,[2] juries routinely resolve factual disputes involving professional negligence claims, whether it be as to the liability or damage aspects of such a claim. From my vantage point, there is nothing particularly novel about this case that makes me question whether a jury can perform its function and resolve any factual disputes.

**Whether Granting the Motion Would Result in a Disruption of the Court's Schedule or That of an Adverse Party (Factor 2)**: According to the docket control order in place, the trial in this case is scheduled to occur in February 2023. I do not maintain separate dockets for bench trials or jury trials. As a result,

---

[2] The Cox Defendants oppose Zack Fuelling's Motion for Jury Trial. *See* Dkt. 110. The Lane Defendants have not taken a position on Zack Fuelling's request for a jury trial.

4

this case will go to trial in February 2023, whether this case proceeds as a bench trial or a jury trial. Allowing a jury to be seated in this case will have no impact on the Court's schedule or the parties' schedule because everyone already expects a February 2023 trial date.

**The Degree of Prejudice to the Adverse Party (Factor 3)**: The Cox Defendants first argue that they will suffer prejudice if I permit a jury trial because "this case should be decided as a matter of law." Dkt. 110 at 4. This argument is non-sensical. If the case should be decided as a matter of law, the case will be disposed of at summary judgment, well before trial in this case commences. No case should proceed to trial—whether it be a jury trial or a bench trial—if "the issues are . . . solely legal" and there is an absence of a genuine issue of material fact. *Simon v. City of Clute*, 825 F.2d 940, 943 (5th Cir. 1987).

I am also not swayed by the Cox Defendants' argument that they are prejudiced because "a jury trial would consume a large amount of their professional time." Dkt. 110 at 4. Although it is undoubtedly true that jury trials often take more time than bench trials, the Fifth Circuit has "rejected the notion that the length of trial . . . alone can establish . . . compelling prejudice." *United States v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998). I fully recognize that a trial lawyer preparing for an impending jury trial might handle the case quite differently than the same lawyer getting ready for a bench trial, but that does not automatically mean that the Cox Defendants have suffered prejudice. Zack Fuelling filed his Motion for Jury Trial more than six months before the current February 2023 trial setting. "Other courts have found similar timeframes to cause minimal prejudice." *SEC v. Arcturus Corp.*, No. 3:13-CV-4861, 2021 WL 8443762, at *3 (N.D. Tex. July 7, 2021) (citing *Madrid v. Wells Fargo Bank, N.A.*, No. EP-14-CV-00152, 2017 WL 5653353, at *3 (W.D. Apr. 24, 2017)) ("[A]ny prejudice non-movant would suffer would be, at most minimal where trial setting was six months away." (quotation omitted); *Tovar v. Target Corp.*, Civ. Action No. SA04CA0557XR, 2005 WL 3447752, at *2 (W.D. Tex. Nov. 15, 2005) (no prejudice

when trial date was six months from filing a motion for a jury trial)). I, likewise, do not believe the Cox Defendants will suffer prejudice if I allow a jury to hear and decide this case.

**The Length of Delay in Having Requested a Jury Trial (Factor 4)**: It is undisputed that Zack Fuelling's jury demand came in July 2022, roughly seven months after he filed the Third-Party Complaint. At first glance, this seems like a lengthy period of time. And it is. Although this factor weighs against granting the motion for a jury trial, this factor is not viewed in a vacuum. I note that many other district courts within the Fifth Circuit have granted motions for a jury trial despite much lengthier time spans. *See Tovar*, 2005 WL 3447752, at *2 (17-month time span); *Dallas & Mavis Specialized Carrier Co. v. Pac. Motor Transp. Co.*, No. 3:06-CV-1922, 2008 WL 696430, at *4 (N.D. Tex. Mar. 12, 2008) (16-month time span); *Solugen Inc.*, 529 F. Supp. 3d at 692-93 (10-month time span).

**The Reason for the Movant's Tardiness in Requesting a Jury Trial (Factor 5)**: Zack Fuelling's counsel contends that he originally failed to ask for a jury trial because he thought that a jury trial had already been demanded by the Third-Party Defendants.[3] When he learned that the Third-Party Defendants did not intend to demand a jury trial, he says he then filed the instant Motion for Jury Trial.

All in all, the five factors the Fifth Circuit has identified as important in determining whether to allow a late jury demand weigh strongly in favor of granting Zack Fuelling's Motion for Jury Trial: (1) the professional negligence claims at issue are routinely tried before juries; (2) granting the jury demand will not disrupt the Court's schedule or the parties' schedule; (3) the Third-Party Defendants will not be prejudiced by a jury trial; (4) the length of delay in requesting a jury trial is not completely unreasonable; and (5) Zack Fuelling has offered a reasonable explanation for this failure to timely request a jury trial. I am

---

[3] As noted, Bryant did originally file a jury demand. None of the other Third-Party Defendants ever filed a jury demand.

"mindful that maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *McDonald v. Steward*, 132 F.3d 225, 229 (5th Cir. 1998) (quotation omitted). Importantly, the Third-Party Defendants have failed to offer any "strong and compelling reasons" why I should supplant the Seventh Amendment's fundamental right to trial by jury in civil matters. *See Swofford*, 336 F.2d at 409. Accordingly, I exercise my discretion to grant the Motion for Jury Trial.

I have one final observation. I note that U.S. Bank's claims against Zack Fuelling and Earl Fuelling are set for a bench trial as a result of a jury waiver between the parties. The jury waiver does not extend to the claims of professional negligence brought by Zack Fuelling against the Third-Party Defendants. Given that one set of claims is subject to a bench trial and another set of claims is set for a jury trial, my thinking is to conduct back-to-back trials in February 2023, with the bench trial taking place first. I invite the parties to confer and offer their thoughts on how best to proceed by joint submission due on October 28, 2022.

SIGNED this 6th day of October 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE